IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 3:12-CR-06-TCB-RGV |
| | |
| JAMES EDWARD PONDER | |

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S COMPETENCY TO STAND TRIAL**

On January 15, 2013, defendant James Edward Ponder ("defendant") was committed to the custody of the Attorney General for a psychiatric examination and evaluation. [Doc. 26]. Following evaluation and treatment of defendant at the Federal Medical Center in Butner, North Carolina, the Court, as well as counsel, received a copy of a forensic evaluation concerning defendant's competency to stand trial. On September 24, 2013, the Court conducted an evidentiary hearing and heard argument from counsel concerning defendant's competency to stand trial. [Doc. 32]. The parties concur that defendant is competent to proceed to trial. After careful consideration of the record, arguments of counsel, and relevant legal authority, the undersigned Magistrate Judge **RECOMMENDS** that defendant be found mentally competent to stand trial.

## I. BACKGROUND FACTS

Defendant is charged with theft of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u) and 924(m). [Doc. 1]. On January 14, 2013, defendant filed under seal a motion requesting a psychiatric examination pursuant to 18 U.S.C. § 4241. [Doc. 25]. The Court granted the motion, and defendant was committed to the custody of the Attorney General for a mental health evaluation to determine whether he was suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, pursuant to 18 U.S.C. § 4241(a). [Doc. 26]. Defendant was admitted to the Federal Medical Center in Butner, North Carolina, on June 25, 2013, pursuant to the Court's Order of January 15, 2013.

On August 9, 2013, the Warden of the Butner facility sent to the Court and counsel a forensic evaluation of defendant completed by Byron Herbel, M.D. ("Dr. Herbel"), and Robert E. Cochrane, Psy.D. ("Dr. Cochrane"), who concluded that defendant was presently able to understand the nature and consequences of the proceedings against him and to assist in his defense. On September 24, 2013, the Court conducted an evidentiary hearing on the issue of whether defendant has the

capacity to understand the nature and consequences of the proceedings against him and to assist properly in his defense. [Doc. 32].

Defendant and his attorney, as well as the prosecutor, appeared at the competency hearing, and the Court received into evidence without objection the forensic evaluation as Government Exhibit 1, under seal. [Id.]. The forensic report summarized defendant's history and course of evaluation at Butner. According to the report, defendant cooperated with clinical interviews and psychological testing, and he was diagnosed with Antisocial Personality Disorder. (Gov. Ex. 1 at 9). Defendant was determined not to be suffering from any major mental disorder, and according to the forensic evaluation, there is no specific mental health treatment for individuals with antisocial attitudes and behavior. (Id. at 10).

It is the opinion of Dr. Herbel and Dr. Cochrane that defendant does not currently suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. (Id. at 12). According to the forensic report, defendant was able to answer questions demonstrating that he understood the legal system, legal terms, and the roles and responsibilities of the judge, jury, prosecutor, and defense attorney. (Id. at 10-11). As for his ability to assist counsel, the report notes that defendant conferred with his counsel by

telephone while at Butner, and counsel did not express any concerns about any impairments in his trial-related abilities. (Id. at 8). Defendant was aware of the nature of the charges and informed of the relative strength of the evidence in the case, and he understood the possible penalties for the offense if he were convicted or pled guilty. (Id. at 10-11). Accordingly, based on their evaluation of defendant, Dr. Herbel and Dr. Cochrane opined that defendant is competent to proceed to trial. (Id. at 12).

## II. DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759 (citation omitted). Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's

burden to prove defendant is competent by a preponderance of the evidence. United States v. Izquierdo, 448 F.3d 1269, 1276-78 (11th Cir. 2006) (per curiam).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) (citation and internal marks omitted); see also Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him *per se* incompetent to stand trial. Medina, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his or her behavior during the relevant time period, "especially the evidence of how he related to and communicated with others . . . ." Wright, 278 F.3d at 1259.

The undisputed evidence in this case, as presented at the evidentiary hearing, demonstrates that defendant has the present ability to assist his lawyer with a reasonable degree of rational understanding and that he has a rational and factual

understanding of the proceedings. Rahim, 431 F.3d at 759. The evidence indicates that defendant, who has not been prescribed any medication, was able to communicate with staff and doctors, to discuss with reasonable intelligence the criminal proceedings and charges pending against him, and to consider rationally and reasonably the events and circumstances resulting in his being charged. An understanding of complex issues or legal theories is not required. See United States v. Hogan, 986 F.2d 1364, 1373 (11th Cir. 1993) (finding that minor defects in the defendant's cognitive abilities did not render him incompetent, the court noted that "[e]ven perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers. That level of comprehension is not a requirement of competency."). Thus, the undisputed evidence in this case demonstrates that defendant is not suffering from any major mental disorder, and he is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. Therefore, the undersigned finds that defendant is presently competent to stand trial.

### III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that the District Court find that defendant is competent to stand trial as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding

. . . [and that he has] a rational as well as factual understanding of the proceedings against him." Rahim, 431 F.3d at 759 (citation and internal marks omitted).

**IT IS SO RECOMMENDED**, this 25th day of September, 2013.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE